**HARVEST HOMEBUILDERS LLC
and Barbara A. Jeter,
Appellants,**

v.

**COMMONWEALTH BANK AND
TRUST COMPANY,
Appellee.**

No. 2008–CA–001897–MR.

Court of Appeals of Kentucky.

Jan. 29, 2010.

Robert E. Salyer (argued), Frankfort, KY, for appellants.

David J. Kellerman (argued), Louisville, KY, for appellee.

Before COMBS, Chief Judge; TAYLOR, Judge; HENRY,[1] Senior Judge.

## OPINION

TAYLOR, Judge.

Harvest Homebuilders LLC and Barbara A. Jeter bring this appeal from a September 10, 2008, judgment of the Oldham Circuit Court awarding Commonwealth Bank and Trust Co. (Commonwealth Bank) a deficiency judgment in the amount of $207,334.35. We affirm.

On June 24, 2005, Harvest Homebuilders executed and delivered a promissory note in the amount of $247,500 to obtain a loan from Commonwealth Bank. The loan was used to purchase real property located

---

1. Senior Judge Michael L. Henry sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statutes 21.580.

in Oldham County, Kentucky. To secure repayment of the note indebtedness, Harvest Homebuilders additionally granted a mortgage to Commonwealth Bank against said real property. Barbara Jeter and Charles Jeter, partners in Harvest Homebuilders, also executed personal guarantees to secure repayment of the loan debt to Commonwealth Bank.

In 2007, Harvest Homebuilders defaulted under the terms of the promissory note. Commonwealth Bank then filed an action against Barbara, Charles, and Harvest Homebuilders alleging breach of the promissory note, seeking enforcement of the personal guarantees, and further pursuing foreclosure of the mortgage encumbering the real property that secured the debt.

In an attempt to sell the real property prior to foreclosure, Barbara entered into an option agreement with Sterling Development Group. Therein, Sterling Development was given an option to purchase the mortgaged property for $235,000 and would exercise the option provided Sterling Development could get "R2 zoning and site plan approval." The option agreement contained no expiration date. Sterling Development did not exercise its option to purchase the real property. Barbara then attempted to sell the real property to two other prospective buyers, John Thunderburke and the Hallgarten Group, to no avail.

A judgment and order of sale was entered in December 2007. On February 5, 2008, the real estate was sold by the Commissioner to Commonwealth Bank for $67,000. The purchase price of $67,000 did not satisfy the outstanding judgment. Consequently, Commonwealth Bank filed a motion for deficiency judgment in the amount of $210,253.37 against Barbara and Harvest Homebuilders.[2] In response, Harvest Homebuilders and Barbara (collectively referred to as appellants) filed a motion for relief from judgment. Appellants argued that Commonwealth Bank breached its implied duty of good faith and fair dealing by not acquiescing to the sale of the real property prior to foreclosure and by failing to negotiate with Sterling Development to sell Sterling the real property. By judgment entered September 10, 2008, the circuit court awarded Commonwealth Bank $207,334.35 representing the deficiency owed on the original judgment and $817.50 in attorney's fees. This appeal follows.

Appellants contend that the circuit court erred by awarding Commonwealth Bank a deficiency judgment. Specifically, appellants assert that Commonwealth Bank breached the implied covenant of good faith and fair dealing, thus precluding it from pursuing a deficiency judgment. In support thereof, appellants point to Commonwealth Bank's refusal to consent to the sale of the subject real property to either Thunderburke or to the Hallgarten Group during the foreclosure proceedings. And, appellants point to Commonwealth Bank's apparent negotiations during the foreclosure proceedings to sell the real property to Sterling Development after appellants and Sterling had entered into the option agreement. Appellants argue that these facts clearly demonstrate that Commonwealth Bank breached the implied covenant of good faith and fair dealing. Under the authority of *Pearman v. West Point National Bank*, 887 S.W.2d 366 (Ky.App. 1994), appellants allege that Commonwealth Bank is barred from recovering a deficiency judgment as a result of its

---

2. It appears that Charles Jeter was never successfully served with summons and copy of the complaint. Commonwealth Bank and Trust Company elected to only pursue claims against Barbara Jeter and Harvest Homebuilders LLC.

breach of the implied covenant of good faith and fair dealing.

In *Pearman,* the Court of Appeals was faced with materially different facts. *Id.* Therein, West Point National Bank foreclosed upon real property owned by Pearman. The real property was sold at two-thirds of its appraised value ($31,000) to West Point National Bank at the foreclosure sale. A deficiency judgment was entered for $16,000 against Pearman. However, the day before entry of the deficiency judgment, West Point National Bank contracted to sell the real property to a third party for $45,000 and actually sold the property to the third party for said amount. The sale price of $45,000 was in excess of Pearman's total indebtedness owed to the Bank.

Under these "qualifying facts and circumstances," the Court of Appeals held that West Point National Bank breached the implied covenant of good faith and fair dealing, thus resulting "in effacement of the deficiency." *Id.* at 368. Pivotal to the Court's holding was the fact that "the bank contracted with third parties ... to sell the mortgaged property ***during the foreclosure action*** and, in fact, ultimately sold same for an amount which would have wholly satisfied the debt owed by Pearman." *Id.* at 368.

These facts are clearly distinguishable from the facts in our case. In *Pearman,* the Bank contracted with third parties to sell the real property during the foreclosure action and actually sold the property for an amount in excess of Pearman's total indebtedness. *Id.* By contrast, Commonwealth Bank neither entered into a contract to sell the real property during the foreclosure proceedings nor actually sold the real property to a third party. We, thus, do not view *Pearman* as controlling, and we reject appellants' attempt to broad-en the holding of *Pearman* to encompass these facts. *See id.*

■■ As to appellants' general argument that Commonwealth Bank breached the covenant of good faith and fair dealing, we do not think the evidence supports same. The implied covenant of good faith and fair dealing simply "impose[s] on the parties ... a duty to do everything necessary to carry" out the contract. *de Jong v. Leitchfield Deposit Bank,* 254 S.W.3d 817, 823 (Ky.App.2007)(quoting *Farmers Bank and Trust Co. v. Willmott Hardwoods, Inc.,* 171 S.W.3d 4, 11 (Ky.2005)). The record clearly demonstrates that Commonwealth Bank did not enter into a contract with Sterling Development to sell the real property. Any alleged attempt by Commonwealth Bank to do so is simply insufficient alone to constitute a breach of the covenant. Additionally, Commonwealth Bank asserts that it did not consent to selling the subject real property prior to foreclosure because Barbara insisted that the sale be conditioned upon the Bank's releasing Harvest Homebuilders and Barbara from liability for any resulting deficiency. In support thereof, we are cited to Volume I at page 123 of the circuit court record. There is found a written instrument signed by Barbara. It reads, in relevant part, as follows:

> I, Barbara Jeter, owner of Harvest Homebuilders, LLC release Alex Hallgarten to speak with W.S. Reisz, counsel for Barbara Jeter and David Kellerman, attorney for Commonwealth Bank and Trust, concerning the purchase of the property/mortgage of 6.7 acres located in Pewee Valley, KY owned by Harvest Homebuilders, LLC. It is agreed that Alex Hallgarten group may only purchase the property/mortgage if they obtain a written release of liability/full satisfaction of debt for Barbara Jeter, Charles Jeter, and Harvest Homebuild-

ers from Commonwealth Bank and Trust.

Thus, Barbara conditioned the sale of the real property upon "a written release of liability/full satisfaction" of the debt from Commonwealth Bank. As such, the record clearly establishes that Commonwealth Bank did not breach the implied covenant of good faith and fair dealing. We also believe the record sets forth sufficient facts upon which the circuit court could rule on appellants' motion for relief from judgment and that additional discovery was not warranted.

Upon the whole, we cannot say the circuit court erred by rendering a deficiency judgment in favor of Commonwealth Bank.

We view any remaining issues to be without merit.

For the foregoing reasons, the judgment of the Oldham Circuit Court is affirmed.

ALL CONCUR.